UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JASON DENT, | ) | |
| | ) | Civil No. 6:17-cv-0229-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| RAY ORMOND, Warden, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jason Dent is a federal prisoner who was recently confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Dent filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. This matter is now before the Court for initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). For the reasons set forth below, the Court will dismiss Dent's claims.

Dent's factual allegations are very brief. [R. 1 at 2-3]. He claims that, at some point in 2016, he "went to medical complaining of a sore throat," and prison Physician Assistant Mitchell Dyer gave him two injections and prescribed him an antibiotic. [R. 1 at 2]. Dent indicates that he was initially taking two antibiotic pills per day, but adds that he was later taking six pills per day. [R. 1 at 2]. Dent then claims that, in September of 2016, he had diarrhea and blood in his stool. [R. 1 at 2-3]. Dent states that a registered nurse tested his stool, and the test came back positive for C. Diff. [R. 1 at 3]. Dent then generically says "they refused to take me to the outside hospital," but he acknowledges that medical officials placed him in isolation. [R. 1 at 3]. Dent concludes by saying, "I never went back to medical complaining about my throat nor did

PA Dyer call me back to medical to see if my condition got worst for the increase (four extra antibiotic pills) in antibiotic pills." [R. 1 at 3].

Dent does not clearly allege that he suffered any lasting harm as a result of this situation. Nevertheless, Dent pursued administrative remedies from the Bureau of Prisons. [R. 1-1]. However, prison officials informed Dent that his medical records did not support his allegations. [R. 1-1 at 7].

Dent then filed this lawsuit against three defendants in their official and individual capacities: (1) Warden Ray Ormond; (2) Physician Assistant Mitchell Dyer; and (3) Medical Administrator Rhonda Jones. [R. 1 at 1-2]. Dent claims that these defendants displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution and also engaged in medical malpractice. [R. 1 at 4]. Dent is seeking $2 million in damages. [R. 1 at 8].

As an initial matter, Dent's claims against the defendants in their official capacities are barred by sovereign immunity. This is because the United States as a sovereign is generally immune from suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This immunity extends to claims against government agents acting in their official capacities. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). While the United States can expressly waive its immunity, it has not done so in *Bivens* actions, such as this case. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989). Therefore, Dent's claims against the defendants in their official capacities are barred.

Dent's Eighth Amendment claims against the defendants in their individual capacities fail to state claims upon which relief may be granted. To be sure, under certain circumstances, a prisoner can establish an Eighth Amendment violation if he is provided inadequate medical care. However, the plaintiff must show that the defendant acted with deliberate indifference to the

2

plaintiff's serious medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Here, even when the complaint is construed in the light most favorable to Dent, his very brief, mostly generic factual allegations are not enough to establish an Eighth Amendment claim against any of the defendants.

For starters, Dent has not made out an Eighth Amendment claim against Warden Ormond because he has not alleged that the Warden was personally involved in making decisions about his medical care. *See Lewis v. Turner*, 16 F. App'x 302, 303 (6th Cir. 2001) (concluding that the district court properly dismissed claims against current and former prison wardens because the plaintiff did not sufficiently allege that the defendants had any direct involvement in the supposed constitutional violations). Similarly, while Dent lists Medical Administrator Jones as a defendant in this action, he fails to allege that Jones was personally involved in his medical care; in fact, Dent does not mention Jones once in any of the very short, numbered paragraphs in his complaint. [R. 1 at 2-3]. Thus, Dent's Eighth Amendment claim against Jones is also unavailing. Finally, although Dent implies that he suffered from bowel-related issues and C. Diff because he took too many antibiotics, he does not clearly allege that Physician Assistant Dyer was responsible for the purported overmedication. And, more importantly, Dent fails to allege with any specificity that Dyer acted with deliberate indifference or some other culpable mental state. Therefore, there is simply no basis to Dent's claim that Dyer inflicted cruel and unusual punishment on him. Accordingly, the Court will dismiss Dent's Eighth Amendment claims with prejudice.

While Dent has not stated viable claims under the Eighth Amendment, the Court reaches no conclusion as to his medical malpractice claims. Instead, the Court simply declines to exercise supplemental jurisdiction over these claims. This is because the Court has already dismissed Dent's Eighth Amendment claims, and it further concludes that the balance of judicial

economy, convenience, fairness, and comity all point toward declining jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

In summary, Dent's claims against the defendants in their official capacities are barred by sovereign immunity; his Eighth Amendment claims against the defendants in their individual capacities fail to state claims upon which relief may be granted; and the Court declines to exercise supplemental jurisdiction over Dent's medical malpractice claims.

Accordingly, it is hereby **ORDERED** as follows:

1. Dent's Eighth Amendment claims are **DISMISSED**, with prejudice.

2. Dent's state law medical malpractice claims are **DISMISSED**, without prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This the 13th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge